IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

STEVEN CALDWELL,

    Plaintiff,

v.                                                    Civil Action No. 5:11CV14
                                                                           (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY
and TITAN INDEMNITY COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**

I.  Background

The plaintiff, Steven Caldwell, commenced this civil action in the Circuit Court of Ohio County, West Virginia to recover damages as a result of the defendants' refusal to honor his uninsured motorist property damage ("UMPD") coverage claim presented subsequent to a motor vehicle collision that occurred on January 26, 2010 in Triadelphia, West Virginia.[1] While parked in front of 4157 National Road, the plaintiff's truck was struck by an uninsured vehicle driven by Raymond Prayear, damaging customized parts installed on the vehicle. After first denying the plaintiff's UMPD claim, Nationwide Mutual Insurance Company ("Nationwide") later extended coverage to Mr. Caldwell for all damage to his truck, including damage to the customized equipment.

---

[1] The plaintiff's claim for UMPD coverage under his Titan Indemnity Company ("Titan") policy number 008615319 was allegedly handled, adjusted and evaluated by individuals employed by Nationwide.

The plaintiff alleges that the defendants have illegitimately denied the claims of West Virginia residents insured by Nationwide or its affiliated companies, including Titan, for UMPD coverage to repair customized equipment. Further, the plaintiff contends that the defendants have failed to fulfill the obligations created by the implied covenant of good faith and fair dealing inherent in the policy of insurance. As a result of the defendants' bad faith conduct and conduct in violation of the West Virginia Unfair Trade Practices Act, the plaintiff claims to have incurred attorney's fees and suffered annoyance, aggravation, inconvenience, anxiety, mental anguish and emotional distress.

Following the removal of the action to this Court pursuant to 28 U.S.C. § 1332(a), the plaintiff filed a motion to remand asserting that the defendants have failed to establish that the amount in controversy exceeds $75,000.00. The plaintiff's motion to remand is now fully briefed and is pending before this Court. For the reasons set forth below, the plaintiff's motion to remand is granted.

## II.  Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C.

§ 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

III. Discussion

In his motion to remand, the plaintiff contends that federal jurisdiction is lacking because the defendants have failed to establish that the amount in controversy exceeds $75,000.00. Specifically, the plaintiff argues that the defendants have not offered competent proof that the jurisdictional amount has been satisfied. Instead, in support of removal, the defendants only reference the kinds of damages that the plaintiff seeks to recover and the amount that a jury might possibly award. Aside from a settlement offer of $3,500.00 extended in a letter dated September 13, 2010, the defendants have made no other settlement offers. Thus, the plaintiff argues that the $3,500.00 offer remains the only proof of the claim's value, which clearly falls below the $75,000.00 threshold.

In response, the defendants argue that the amount in controversy requirement has clearly been met based on the totality

3

of the evidence available at the time of removal. The defendants claim that the verdict potential in this district, as it relates to allegations of insurance company bad faith, far exceeds the amount in controversy necessary to confer jurisdiction upon this Court. Because similar lawsuits in West Virginia have produced verdicts in excess of $75,000.00, the defendants claim to have satisfied their burden of proof that the amount in controversy requirement has been met.

The burden of establishing that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, rests with the party seeking removal. Mulcahey, 29 F.3d at 151. This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount. Mullins v. Harry's Mobile Homes, Inc., 861 F. Supp. 22, 23 (S.D. W. Va. 1994). In such circumstances, the court may consider the entire record before it and may conduct its own independent inquiry to determine whether the amount in controversy satisfies the jurisdictional minimum. Id.

After careful consideration of the record in this case, this Court finds that the defendants have not met their burden of proof with regard to the amount in controversy. The defendants' removal

4

cannot be based on speculation; rather, it must be based on facts as they exist at the time of removal. See Marshall v. Kimble, Civil Action No. 5:10CV127, 2011 WL 43034, at *3 (N.D. W. Va. Jan. 6, 2011) (citing Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1110-11 (D.N.M. 2000)). In this case, the defendants' contention that the plaintiff could possibly recover an award in excess of $75,000.00 is pure speculation. Although verdicts in other cases in this district may have exceeded $75,000.00, the defendants have failed to present evidence of substantially similar insurance bad faith cases as proof that the amount in controversy in this case exceeds that amount. See Weddington v. Ford Motor Credit Co., 59 F. Supp. 2d 578, 583 (S.D. W. Va. 1999) ("The possible damages recoverable may be shown by the amounts awarded in other similar cases.") (emphasis added). Unlike Vaughan v. Dixon, cited by the defendants in which the court had before it proof of value in the form of medical bills and lost wages that enabled it to independently conclude that the jurisdictional amount had been met, the defendants in this case have provided no such proof. Civil Action No. 3:09-CV-50, 2009 WL 2913617, at *5 (N.D. W. Va. Sept. 8, 2009).

Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds, or will exceed, $75,000.00 exclusive of interests and costs. The amount of benefits disputed and ultimately paid by Nationwide for the

property damage to Mr. Caldwell's truck was only $1,666.49. Now the plaintiff seeks bad faith damages, of which the best measure of value appears to be Nationwide's settlement offer of $3,500.00. Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiff will recover damages in excess of the jurisdictional minimum.

IV. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: March 22, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE